[Civil No. 2455.  Filed February 17, 1926.]

[243 Pac. 404.]

## D. D. SMITH, Appellant, v. HARRY E. WADE, Appellee.

1. APPEAL AND ERROR—CASE WILL NOT BE REVIEWED, IN ABSENCE OF AUTHENTICATION OF RECORD (CIV. CODE 1913, PAR. 1258).—In view of Civil Code of 1913, paragraph 1258, a case will not be reviewed where no paper purporting to be part of the record in the trial court has been properly authenticated, and the transcript, besides being fragmentary, has not been approved or allowed by the judge nor certified as part of the files of the case.

2. APPEAL AND ERROR.—Supreme Court, on proper application and showing, will permit a record, not completed and authenticated, in compliance with Civil Code of 1913, paragraph 1258, to be completed and authenticated, if no injustice will result to opposing party.

See (1) 4 C. J., p. 441, n. 33.   (2) 4 C. J., p. 500, n. 33.

APPEAL from a judgment of the Superior Court of the County of Coconino.  J. E. Jones, Judge.  Appeal dismissed.

Mr. C. B. Wilson, for Appellant.

Mr. X. N. Steeves, for Appellee.

---

1.  See 2 R. C. L. 152.

PER CURIAM.—Paragraph 1258 of the Civil Code of 1913, reads:

"Within thirty days after the appeal is perfected or record in the superior court completed, the clerk of the superior court shall transmit to the clerk of the Supreme Court a certified copy of the minute entries of the superior court, and the appeal bond, if any, or affidavit, together with the papers and portions of the record specified in the notices filed by the respective parties, or the stipulation, if any. The record of the superior court shall be deemed completed when the notice of appeal shall have been given and the bond filed, and a bill of exceptions, a statement of facts, or reporter's transcript, wherever the same may be necessary, shall have been allowed and filed."

This and other provisions of our statute contemplate a finished and completely authenticated record to be lodged in the Supreme Court as a basis for further proceedings concerning an action theretofore tried in the superior court.

We have never exacted a rigid technical compliance with the law providing the manner of taking an appeal and the making up of the record on appeal, but have accepted the record as sufficient, if it appeared that the law had been substantially complied with. When, however, the record filed with us is not identified, except by filing marks and title as the record of the trial court, or appears to be incomplete in material ways, we feel that it is not safe, fair or proper to proceed to review the case.

The papers specifically required by paragraph 1258, *supra,* to be certified as copies, are not so authenticated. We have in the record no "certified copy of the minute entries of the superior court" nor of "the appeal bond," but in lieu thereof we have sheets of typewritten matter entitled "Harry E. Wade,

Plaintiff, v. Dink D. Smith, Defendant,'' which may or may not be the minutes in Harry E. Wade v. D. D. Smith, and a paper in form an appeal bond, but uncertified either as the original or as a copy. The other ''papers and portions of the record,'' such as the pleadings, requested instructions, and instructions given, verdict, judgment and notice of appeal, are not certified by the clerk of the superior court as parts of the record; they are not authenticated in any way.

Included among the papers is a filing indorsed: ''Transcript of parts of the reporter's notes.'' One of these ''parts'' shows an order of the court (made the basis of an assignment of error) overruling an objection of the defendant to a reading by plaintiff of that part of his complaint referring to the plaintiff's family; and another ''part'' purports to contain all instructions given by the court to the jury other than requested written instructions. These ''parts'' are certified to by the court reporter as being what they purport to be, but are not otherwise authenticated, approved, or allowed.

No paper purporting to be a part of the record in the trial court is properly or legally authenticated, and the transcript of the reporter's notes, besides being fragmentary, was not approved or allowed by the judge, and is not certified by the clerk as part of the files in the case.

In the circumstances, we feel that we ought not to enter upon a consideration of the merits of the case, and the order is that the appeal be dismissed.

In disposing of this case in the manner we have, we do not wish it to be understood that we will not, upon a proper application and showing, permit the record to be authenticated or completed, if the appeal has been properly effected; but, on the contrary, will per-

mit such record to be completed and authenticated, if in doing so no substantial right is lost to the opposing party or no injustice will result.